1  Joshua J. Cliffe, Bar No. 215390
   jcliffe@littler.com
2  Heather Lanyi, Bar No. 341790
   hlanyi@littler.com
3  LITTLER MENDELSON, P.C.
   333 Bush Street
4  34th Floor
   San Francisco, California  94104
5  Telephone:   415.433.1940
   Fax No.:     415.399.8490
6
7  Attorneys for Defendants
   PEGASYSTEMS INC. AND CHAD DAIGLE
8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>              Plaintiff,<br><br>   v.<br><br>PEGASYSTEMS INC.; CHAD DAIGLE; and DOES ONE through THIRTY, inclusive,<br><br>              Defendants. | Case No. 3:22-cv-6796<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(A), 1441(A) AND (B), AND 1446**<br><br>[San Francisco Court Case No. CGC-22-600651] |

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFENDANTS' NOTICE OF REMOVAL OF ACTION

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF JOHN DOE AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants PEGASYSTEMS INC. AND CHAD DAIGLE ("Defendants") hereby remove the above-entitled action from the Superior Court of the State of California, County of San Francisco, to the United States District Court for the Northern District of California. Removal jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1332(a), 1441(a) and (b), and 1446 due to complete diversity of the parties' citizenship.

In support of the Notice of Removal to Federal Court, Defendants state the following:

## I.   STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action based on diversity of citizenship because it is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a). As set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice.

## II.   PROCEDURAL BACKGROUND

2. On July 11, 2022, Plaintiff JOHN DOE ("Plaintiff") filed a Complaint for Damages in San Francisco County Superior Court entitled *John Doe v. Pegasystems Inc., Chad Daigle, and Does One through Thirty,* Case No. CGC-22-600651 ("Complaint" or "Compl."). The Complaint asserts numerous state law causes of action related to Plaintiff's employment, specifically: (1) Sexual Harassment in Violation of the Fair Employment Housing Act ("FEHA"); (2) Sexual Harassment in Violation of Public Policy; (3) Retaliation in Violation of the FEHA; (4) Wrongful Discharge in Violation of Public Policy; (5) Failure to Prevent or Correct Harassment and/or Retaliation in Violation of the FEHA; (6) Disability Discrimination in Violation of the FEHA; (7) Wrongful Discharge in Violation of the FEHA; (8) Failure to Accommodate in Violation of the FEHA; (9) Failure to Engage in the Interactive Process in Violation of the FEHA; (10) Retaliation in Violation of the FEHA; (11) Discharge in Violation of Public Policy; (12) Retaliation in Violation of Labor Codes § 1102.5; and (13) Wrongful Discharge in Violation of Public Policy Under § 1102.5.

///

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

2

DEFENDANTS' NOTICE OF REMOVAL OF ACTION

3. On October 3, 2022, Defendants accepted service of: (1) Summons, (2) Complaint; (3) Civil Case Cover Sheet; (4) ADR Packet; and (5) Notice of Case Management Conference. A true and correct copy of this service packet is attached as to the Declaration of Joshua Cliffe (Cliffe Decl.) as Exhibits A, B.

4. On October 14, 2022, Defendants filed an Answer in San Francisco County Superior Court generally denying Plaintiff's allegations and asserting affirmative defenses. A true and correct copy of the Answer is attached to Cliffe Decl. as Exhibit C.

5. Pursuant to 28 U.S.C. § 1446(d), the attached exhibits constitute all process, pleadings, and orders served on Defendants in the State Court Action. To Defendants' knowledge, no further process, pleadings, or orders related to this case have been filed in San Francisco County Superior Court or served by any party. To Defendants' knowledge, no other activity or proceedings have occurred in this case in San Francisco County Superior Court.

### III. TIMELINESS OF REMOVAL

6. This Notice of Removal is timely as it is being filed within thirty (30) days of October 3, 2022, the effective date of service of the Summons and Complaint, and within one year from the commencement of this action. *See* 28 U.S.C. § 1446(b); Fed. R. Civ. Proc. 6(a)(1)(B).

### IV. DIVERSITY JURISDICTION

7. The diversity of citizenship statute, 28 U.S.C. §1332(a), provides in relevant part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1) citizens of different States. . . .

8. The Notice of Removal need only contain a "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 551 (Dec. 15, 2014) (*citing* 28 U. S. C. §1446(a)).

9. This Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below. 28 U.S.C. § 1441(b).

///

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

3

DEFENDANTS' NOTICE OF REMOVAL OF ACTION

**A.  Diversity of Citizenship**

**Plaintiff is a Citizen of California.**

10.  For diversity jurisdiction purposes, a person is a "citizen" of the state in which he or she is domiciled. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Residence creates a presumption of one's domicile. *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

11.  When Plaintiff commenced the State Court Action, and at the time of removal, Plaintiff was a citizen of California. Plaintiff alleges that he "resided in this county and worked remotely from his home at all relevant times mentioned herein." (Compl., ¶ 4.) Accordingly, Plaintiff is a citizen of California for diversity jurisdiction purposes. *Lew*, 797 F.2d at 751 (residency can create a rebuttable presumption of domicile supporting diversity of citizenship).

**Defendant Pegasystems Inc. Is Not a Citizen of California.**

12.  A corporation is deemed a citizen of both the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To determine a corporation's principal place of business, courts apply the "nerve center" test, which deems the principal place of business to be the state in which the corporation's officers direct, control, and coordinate the corporation's activities. *The Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). A corporation's principal place of business will typically be where the corporation maintains its headquarters. *Id.*

13.  Defendant Pegasystems Inc. is incorporated in Massachusetts under the laws of Massachusetts with its principal place of business and headquarters in Cambridge, Massachusetts. (Declaration of Jennelle Barosin ["Barosin Decl."], ¶ 4.) Defendant Pegasystems Inc.'s senior executives are based in Massachusetts, including the Chief Executive Officer; Chief Operating Officer & Chief Financial Officer; Chief Product Officer; Chief of Clients and Markets; Chief Technology Strategist; GM, Customer Service and Sales Automation. (*Id.*)

14.  Accordingly, Defendant Pegasystems Inc. is a citizen of Massachusetts for purposes of diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a)(1), (c)(1).diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a)(1), (c)(1).

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

4

DEFENDANTS' NOTICE OF REMOVAL OF ACTION

**Defendant Chad Daigle Is Not a Citizen of California.**

15. As set forth above, for diversity jurisdiction purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983).

16. Plaintiff alleges that Defendant Chad Daigle "conducted significant business in California" and "regularly conducted business in San Francisco County." (Compl., ¶¶ 5, 6.) However, Plaintiff has not asserted where Defendant Chad Daigle was domiciled at the commencement of the State Court action.

17. When this State Court action commenced, Defendant Chad Daigle was domiciled, and currently resides in, North Carolina. (Declaration of Chad Daigle]["Daigle Decl."], ¶¶ 2, 3 .) As such, he is a citizen of North Carolina.

**Doe Defendants' Citizenship Is Disregarded.**

18. The citizenship of potential Does 1-30 is irrelevant for purposes of removal. *See* 28 U.S.C. § 1441(a) (for purposes of removal based on diversity jurisdiction, "the citizenship of defendants sued under fictitious names shall be disregarded.").

19. Further, to Defendants' knowledge, no fictious defendant has been served, and therefore, none need join in the Notice of Removal. *See Salveson v. Western States Bankcard Assoc.*, 731 F.2d 1423, 1429 (9th Cir. 1984) ("Our circuit rule is that a party not served need not be joined; the defendants summoned can remove by themselves.").

20. Because Defendants were not and are not citizens of the forum state, California, complete diversity exists for purposes of 28 U.S.C. § 1332. *See Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 84 (2005).

**B.      The Amount in Controversy Exceeds $75,000.**

21. The defendant only needs to establish by a preponderance of the evidence that the plaintiff's claimed damages exceed the jurisdictional minimum.[1] *Sanchez v. Monumental Life Ins.*

---

[1] The focus for purposes of diversity jurisdiction is what plaintiff *claims* as damages. Defendants deny that plaintiff has been damaged or is entitled to any recovery from Defendants. The cases and plaintiffs' awards cited in Section B are included for the sole purpose of evidencing, for diversity jurisdiction, that the amount in controversy in the present action exceeds $75,000.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

5

DEFENDANTS' NOTICE OF REMOVAL OF ACTION

1  *Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996), *amended by, rehearing en banc denied by,* 102 F.3d 398, 404 (9th Cir. 1996). "The amount in controversy for jurisdictional purposes is determined by the amount of damages or the value of the property that is the subject of the action." *Meisel v. Allstate Indem. Co.*, 357 F. Supp. 2d 1222, 1225 (E.D. Cal. 2005).

22. Economic damages, non-economic damages, general damages, punitive damages, and attorneys' fees and costs are all included in determining the amount in controversy. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002) ("The amount in controversy for diversity jurisdiction may include punitive damages if recoverable under state law."); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (prayer for attorneys' fees included in determining the amount in controversy where potentially recoverable by statute). The Court may examine the nature of the action and the relief sought and take judicial notice of attorneys' fee awards in similar cases. *See, e.g., Simmons v. PCR Technology,* 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) (noting that attorneys' fees in individual employment discrimination cases often exceed damages). Such fees are calculable beyond the time of removal. *Id.*

23. Here, the Court can reasonably ascertain from the Complaint and its prayer for relief that the amount in controversy exceeds the minimum required to invoke diversity jurisdiction. *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy.").

24. Plaintiff's Complaint seeks the following relief for Plaintiff: general damages, special damages, punitive damages, attorney's fees and costs. *See* <u>Exhibit A</u>, Compl., Prayer For Relief.

25. Plaintiff alleges he "suffered and continues to suffer substantial losses in earnings including salary, cash, bonus, equity, retirement benefits, and health benefits." (Compl., ¶ 94.)

26. Plaintiff alleges he "suffers emotional distress … including mental distress[.]" (Compl., ¶ 95.) Claims for emotional distress alone can exceed the jurisdictional minimum. *Simmons,* 209 F. Supp. 2d at 1034.

27. Plaintiff also seeks punitive damages (Compl., ¶ 99.) Claims for punitive damages are considered in determining the amount in controversy. *See, e.g., Simmons*, 209 F. Supp. 2d at 1033.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

6

DEFENDANTS' NOTICE OF REMOVAL OF ACTION

1  Punitive damages, where awarded (and Defendants deny Plaintiff is entitled to any damages
2  whatsoever), can also exceed the jurisdictional minimum. *See, e.g., Roby v. McKesson, Corp.*, 47 Cal.
3  4th 686, 719-720 (2009); *Smith v. Brown-Forman Distillers Corp.*, 196 Cal. App. 3d 503, 516 (1987).

4  28.  Plaintiff also seeks to recover attorneys' fees and costs pursuant to California
5  Government Code § 12965(b), California Labor Code § 1102.5(j), and California Code of Civil
6  Procedure § 1021.5. (Compl., ¶ 100.) Accordingly, attorneys' fees are considered when determining
7  the amount in controversy. *Galt G/S*, 142 F.3d at 1156 ("where an underlying statute authorizes an
8  award of attorneys' fees . . . such fees may be included in the amount in controversy"); *Brady*, 243 F.
9  Supp. 2d at 1010-11 (when determining amount in controversy, a court may estimate the amount of
10 attorneys' fees to be recovered by a plaintiff if she were to prevail). In determining whether the amount
11 in controversy exceeds $75,000, the Court may also estimate the amount of reasonable attorneys' fees
12 likely to be recovered by a plaintiff if he were to prevail on his claims. *See Brady*, 243 F. Supp. 2d at
13 1010-11. Attorneys' fees awards in employment matters often exceed $75,000. *See Simmons,* 209 F.
14 Supp. 2d at 1035 (noting that in the Court's twenty-plus years' experience, attorneys' fees in individual
15 discrimination cases often exceed the damages and found the jurisdictional maximum was satisfied);
16 *Flannery v. Prentice*, 26 Cal. 4th 572 (2001) (California Supreme Court upheld an award of attorneys'
17 fees under FEHA for $891,042); *Akers v. County of San Diego*, 95 Cal. App. 4th 1441 (lower court
18 awarded $249,349 in attorneys' fees in wrongful termination in violation of public policy and
19 discrimination case). Thus, an attorneys' fees award in this case could easily reach or exceed $75,000.

20 29.  Although Defendants vehemently deny that Plaintiff has been damaged in any way as
21 a result of their actions, a preponderance of the evidence demonstrates that the amount in controversy
22 in this case exceeds that $75,000 jurisdiction requirements, exclusive of interest and costs.[2]

23 30.  Therefore, the requirements of 28 U.S.C. § 1332 have been met because the amount in
24 controversy exceeds $75,000, exclusive of interests and costs, and this is a civil action between citizens
25 of different states. As such, the United States District Court for the Northern District of California has
26 original jurisdiction over this matter and removal is proper under 28 U.S.C. §1441(b).

---

28 [2] On June 10, 2021, Defendants received a demand letter with substantially similar alleged factual assertions and legal claims seeking $381,303.00 to settle substantially similar claims.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

7                                    DEFENDANTS' NOTICE OF REMOVAL OF ACTION

## V. VENUE

31. Venue lies in the Northern District of California pursuant to 28 U.S.C. §§ 84(a), 1441(a), and 1446(a). Plaintiff originally brought this action in the San Francisco County Superior Court. Pursuant to Northern District of California Local Rule 3-2(d), the appropriate assignment of this action is to the San Francisco or Oakland Division of this Court.

## VI. NOTICE TO PLAINTIFF AND THE STATE COURT

32. Contemporaneously with the filing of this Notice of Removal in this Court, written notice of such filing will be provided to Plaintiff's counsel of record: Barbara A. Lawless and Emily S. McGrath, Lawless, Lawless & McGrath, 354 Pine Street, Fourth Floor, San Francisco, CA 94104.

33. A copy of the Notice of Removal will also be filed with the Clerk of the San Francisco County Superior Court. (Cliffe Decl., ¶ 7.)

## VI. CONCLUSION

WHEREFORE, Defendants remove the action now pending against them in the San Francisco County Superior Court to the United States District Court for the Northern District of California, and requests that this Court retain jurisdiction for all further proceedings.

Dated: November 2, 2022

LITTLER MENDELSON, P.C.

*/s/ Joshua J. Cliffe*
Joshua J. Cliffe
Heather Lanyi

Attorneys for Defendants
PEGASYSTEMS INC. AND CHAD DAIGLE

4896-1384-0189.1 / 117752-1001

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

8

DEFENDANTS' NOTICE OF REMOVAL OF ACTION