1  Joshua J. Cliffe, Bar No. 215390
   jcliffe@littler.com
2  Heather Lanyi, Bar No. 341790
   hlanyi@littler.com
3  LITTLER MENDELSON, P.C.
   333 Bush Street
4  34th Floor
   San Francisco, California  94104
5  Telephone:    415.433.1940
   Fax No.:       415.399.8490
6
   Attorneys for Defendants
7  PEGASYSTEMS INC. AND CHAD DAIGLE

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11
   JOHN DOE,                              Case No. 3:22-cv-6796
12
                   Plaintiff,             **DECLARATION OF JOSHUA CLIFFE**
13                                        **IN SUPPORT OF DEFENDANTS'**
            v.                            **REMOVAL OF CIVIL ACTION TO**
14                                        **FEDERAL COURT**
   PEGASYSTEMS INC.; CHAD DAIGLE; and
15 DOES ONE through THIRTY, inclusive,    [San Francisco Court Case No.
                                          CGC-22 600651]
16                 Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

### DECLARATION OF JOSHUA CLIFFE

I, Joshua Cliffe, do hereby declare and state as follows:

1.     I am an attorney licensed to practice before this Court and am an attorney with the law firm of Littler Mendelson in San Francisco and represent Defendants Pegasystems Inc. and Chad Daigle ("Defendants") in the above-captioned matter. I have personal knowledge of the facts stated herein, except such facts that are made upon information and belief. Further, if called and sworn as a witness, I could and would competently testify hereto.

2.     On October 3, 2022, Plaintiff John Doe ("Plaintiff") served Defendants with the Summons and Complaint in the matter of *John Doe v. Pegasystems Inc., Chad Daigle, and Does One through Thirty* pending before the Superior Court of California, County of San Francisco, designated as Case No. CGC-22-600651. ("Complaint" or "Compl."). Attached hereto as **Exhibit A** are true and correct copies of the Summons and Complaint along with all documents that were served with it on Defendants.

3.     Attached hereto as **Exhibit B** is Plaintiff's Proof of Service for the Summons and Complaint, which was filed with the San Francisco Superior Court on October 3, 2022.

4.     On October 14, 2022, Defendants filed an Answer in the form of a general denial and affirmative defenses to Plaintiff's Complaint.  A true and correct copy of the Answer filed by Defendants in San Francisco Superior Court is attached here to as **Exhibit C**.

5.     The attached exhibits constitute all process, pleadings, and orders served upon Defendants or filed or received in this action by them. As of today, I am informed and believe that no further process, pleadings or orders related to this case have been filed in San Francisco County Superior Court. a

6.     As of the date of this Notice of Removal, no other parties have been named or served with the Summons and Complaint in this action.

7.     Contemporaneously with the filing of Defendants' Notice of Removal in the United States District Court for the Northern District of California, our office is providing written notice of the removal to Plaintiff's counsel of record: Barbara A. Lawless and Emily S. McGrath, Lawless, Lawless & McGrath, 354 Pine Street, Fourth Floor, San Francisco, CA 94104. In addition, a copy of

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

2

DECLARATION OF JOSHUA CLIFFE ISO
DEFENDANTS' REMOVAL OF CIVIL
ACTION TO FEDERAL COURT

1  this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California,

2  County of San Francisco.

3         8.      Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury, under the

4  laws of the United States, that the foregoing is true and correct, and that this declaration was

5  executed on November 2, 2022, at San Francisco, California.

6

7

8                                                    */s/ Joshua J. Cliffe*
                                                     Joshua J. Cliffe
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3                                    DECLARATION OF JOSHUA CLIFFE ISO
                                     DEFENDANTS' REMOVAL OF CIVIL
                                     ACTION TO FEDERAL COURT

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PEGASYSTEMS INC., CHAD DAIGLE and DOES ONE through THIRTY, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOHN DOE

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es:)*  400 McAllister Street<br>San Francisco, CA 94102 | CASE NUMBER: *(Número del Caso):*<br>**CGC-22-600651** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Emily S. McGrath, Lawless, Lawless & McGrath, 354 Pine Street, 4th Floor, San Francisco, CA 94104 (415) 391-7555

| DATE:<br>*(Fecha)* 07/12/2022 | Clerk, by<br>*(Secretario)* **JEFFREY FLORES** | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

**SUMMONS**

1   BARBARA A. LAWLESS - Bar # 53195
    EMILY S. McGRATH - Bar # 289624
2   LAWLESS, LAWLESS & McGRATH
    354 Pine Street, Fourth Floor
3   San Francisco, CA 94104
    Telephone:  (415) 391-7555
4   Facsimile:  (415) 391-4228
    E-mails: blawless@lawlesssf.com
5            emcgrath@lawlesssf.com

6   Attorneys for PLAINTIFF
    JOHN DOE
7

**ELECTRONICALLY**
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**07/11/2022**
**Clerk of the Court**
BY: JEFFREY FLORES
Deputy Clerk

8             SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                IN AND FOR THE COUNTY OF SAN FRANCISCO

10                        (Unlimited Jurisdiction)          **CGC-22-600651**

11

| | |
|---|---|
| 12   JOHN DOE, | **COMPLAINT FOR DAMAGES ARISING FROM:** |
| 13                        PLAINTIFF, | **SEXUAL HARASSMENT; PUBLIC POLICY VIOLATION; RETALIATION;** |
| 14          vs. | **DISCHARGE IN VIOLATION OF PUBLIC POLICY;** |
| 15   PEGASYSTEMS INC., CHAD DAIGLE, and DOES ONE through THIRTY, inclusive, | **FAILURE TO PREVENT OR CORRECT HARASSMENT AND/OR RETALIATION;** |
| 16 | **DISABILITY DISCRIMINATION;** |
| 17          Defendants. | **FAILURE TO ACCOMMODATE; FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS;** |
| 18 | **RETALIATION;** |
| 19 | **WHISTLEBLOWER RETALIATION; DISCHARGE IN VIOLATION OF PUBLIC POLICY;** |
| 20 | **INJUNCTIVE RELIEF, FOR ATTORNEY'S FEES AND COSTS AND FOR PUNITIVE DAMAGES** |
| 21 | |
| 22 | |
| 23 | JURY TRIAL DEMANDED |
| 24 | |
| 25 | *Amount Demanded Exceeds $25,000 (Gov't. Code § 72055)* |

26

27        PLAINTIFF JOHN DOE ("PLAINTIFF") complains against Defendants, and each of them,

28   demands a trial by jury of all issues and for causes of action alleges:

-1-
COMPLAINT

## **FACTS COMMON TO MORE THAN ONE CAUSE OF ACTION**

1.      PLAINTIFF is ignorant of the true names or capacities of the Defendants sued here under fictitious names DOES ONE through THIRTY, inclusive. PLAINTIFF is informed and believes that each of the DOE Defendants was responsible in some manner for the occurrences and injuries alleged in this complaint.

2.      At all times mentioned in the causes of action into which this paragraph is incorporated by reference, each Defendant was the agent or employee of each and every other Defendant. In doing the things alleged in the causes of action into which this paragraph is incorporated by reference, each Defendant was acting within the course and scope of this agency or employment and was acting with the consent, permission, and authorization of each of the remaining Defendants.  All actions of each Defendant alleged in the causes of action into which this paragraph is incorporated by reference were ratified and approved by the officers or managing agents of every other Defendant.

3.      This Court has jurisdiction over this matter and venue is proper because wrongful acts and/or omissions including PLAINTIFF'S termination alleged herein occurred in San Francisco County, California (Cal. Gov't. Code § 12965(b)). Furthermore, PLAINTIFF resided in this county and worked remotely from his home at relevant times mentioned herein.

4.      At the pertinent times mentioned in this complaint, Defendant PEGASYSTEMS INC. (hereinafter referred to as "PEGASYSTEMS"), was a corporation doing business in the State of California, County of San Francisco.

5.      At the pertinent times mentioned in these complaints Defendant CHAD DAIGLE (hereinafter referred to as DAIGLE or the individual defendant) was a manager and supervisor in a position of authority at PEGASYSTEMS who conducted significant business in California.

6.      PLAINTIFF was hired in or about July 2019 for the position of Senior Customer Success Manager at the company Defendant PEGASYSTEMS. PLAINTIFF's direct manager was CHAD DAIGLE who was the Senior Director of Client Success at PEGASYSTEMS and who regularly conducted business in San Francisco County.

7.      PLAINTIFF grew increasingly uncomfortable and anxious around DAIGLE in the

second half of 2019 because DAIGLE touched PLAINTIFF's buttocks and invited PLAINTIFF up to his hotel room for a drink during multiple work trips.

8.      On or about September 11, 2019, DAIGLE invited PLAINTIFF up to his room for a drink after a business dinner. When PLAINTIFF declined, DAIGLE patted PLAINTIFF on the buttocks and said words to the effect of - Okay, well keep up the good work.

9.      On or about October 30, 2019, DAIGLE asked PLAINTIFF to give him a ride back to his hotel room. During the ride, DAIGLE once again invited PLAINTIFF to his room for a drink. The way DAIGLE extended the invitation led PLAINTIFF believe that DAIGLE wanted to do more than just have a drink.

10.     On or about November 5, 2019, DAIGLE again invited PLAINTIFF to his room for a drink and patted PLAINTIFF on the buttocks. PLAINTIFF was almost certain at this point that DAIGLE was propositioning him for a sexual encounter.

11.     As a result of these encounters, PLAINTIFF was extremely uncomfortable when in the physical presence of his boss, DAIGLE, but was still able to perform his job very well as was evidenced by his being recognized in January 2020 as a Top Performer and receiving a discretionary Restricted Stock Unit award.

12.     On or about February 25, 2020, DAIGLE asked PLAINTIFF to go to dinner. PLAINTIFF was scheduled to meet with his boss the next day to discuss PEGASYSTEM's customer accounts and accepted the dinner invitation. However, PLAINTIFF cancelled shortly thereafter because PLAINTIFF was anxious about seeing DAIGLE alone during evening hours.

13.     The next day, on or about February 26, 2020, PLAINTIFF met with DAIGLE to discuss the status of several important company accounts. PLAINTIFF was surprised when DAIGLE began going through each of PLAINTIFF's accounts and giving him a list of items that DAIGLE suddenly alleged needed improvement, which were without merit. PLAINTIFF began to think he was being put on a Performance Improvement Plan ("PIP") even though DAIGLE did not explicitly state this, and PLAINTIFF could not understand how this could be happening only one month after being recognized as a Top Performer and given his continuing outstanding performance.

14.     After the meeting on or about February 26, 2020, PLAINTIFF, DAIGLE, and their

colleague met for drinks. All three men had a friendly discussion, but the colleague left early and PLAINTIFF was alone with DAIGLE.

15.     PLAINTIFF asked DAIGLE if he was being put on a PIP and DAIGLE said he was in fact putting PLAINTIFF on a PIP.

16.     PLAINTIFF could not understand how it was possible that he was being put on a PIP when he had just recently been recognized for his outstanding performance and was achieving outstanding results with several key clients. For example, PLAINTIFF's work on one of his accounts had just been recognized as one of the largest and most successful migration and digital transformation upgrade efforts on his team of more than 80 employees.

17.     PLAINTIFF was devastated by the PIP discussion and told DAIGLE that he was confused because he thought he was performing well. DAIGLE then said the performance issues could all go away if PLAINTIFF joined him (DAIGLE) in his room for a drink. After PLAINTIFF responded with confusion, DAIGLE suggested to PLAINTIFF that they do favors for each other. In response, PLAINTIFF told DAIGLE that he was married, and DAIGLE responded that he was too. PLAINTIFF then responded that he is not gay, and DAIGLE said he also is not gay, and that he was just talking about a little fun. PLAINTIFF said no and at that point, DAIGLE got up and walked away angrily.

18.     PLAINTIFF felt awkward, ashamed, and embarrassed. He left that night and drove home to his wife.

19.     PLAINTIFF reached out to the Director of Client Success for help regarding the unfounded performance accusations DAIGLE was making. PLAINTIFF also reported the sexual harassment to Human Resources (HR) on or about March 4, 2020.

20.     On his call with the Vice President of HR, PLAINTIFF pointed out that DAIGLE's unfounded performance critiques came one month after PLAINTIFF received Top Performer status with an extra compensation award. Although PLAINTIFF was absolutely mortified about telling HR about the harassment, PLAINTIFF reported to the VP of HR that he had been harassed by DAIGLE for several months and that PLAINTIFF had declined DAIGLE's overt request for sexual favors in the very same conversation in which DAIGLE stated he was putting PLAINTIFF on a PIP.

The VP of HR asked for details about the harassment and PLAINTIFF provided them. The VP of HR then told PLAINTIFF that she would get back to him about the matter.

21.     Although PLAINTIFF was not placed on a PIP, he was still put on a coaching plan. PLAINTIFF met or exceeded all of the goals in his coaching plan which was closed out on or about June 25, 2020.

22.     On or about July 31, 2020, HR contacted PLAINTIFF and asked him to take his statement again regarding the sexual harassment he had endured. HR stated they would conduct an investigation into PLAINTIFF's allegations. PLAINTIFF was assured that the information he provided would be kept confidential and that he would not be retaliated against for his participation in the investigation. PLAINTIFF again provided information. On or about September 3, 2020, HR emailed PLAINTIFF and told him that they were unable to substantiate PLAINTIFF's allegations.

23.     Meanwhile, in or about August 2020, PLAINTIFF's new manager – who had a close relationship to DAIGLE – reneged on the company's commitment to provide PLAINTIFF both financial assistance and occasional time off to attend an Executive MBA program. The Executive MBA program had been approved in or about January 2020. The new manager also manufactured false criticisms of PLAINTIFF's performance which PLAINTIFF rebutted with documentation and corroborating witnesses.

24.     PLAINTIFF then complained about the retaliation he was enduring and HR again claimed they investigated PLAINTIFF's complaints and stated they were unable to substantiate his allegations. In the email summarizing the company's investigation, which PLAINTIFF received on March 3, 2021, the company stated that "PEGASYSTEMS has a no-retaliation policy. If you have any reason to believe that you are subjected to retaliation arising from your report or this investigation, please contact the People Organization immediately."

25.     PLAINTIFF submitted a doctor's note putting him out on a finite, protected leave of absence beginning March 3, 2021. When submitting his doctor's note, PLAINTIFF explained that his medical leave of absence was due to his employer's unlawful conduct.

26.     PLAINTIFF was terminated March 4, 2021, the day after the company closed its investigation into his protected complaints and the commencement of PLAINTIFF's protected leave

start date.

## FIRST CAUSE OF ACTION
### Sexual Harassment in Violation of the
### California Fair Employment and Housing Act, Gov't Code § 12940(a)

As a first, separate and distinct cause of action, PLAINTIFF complains against Defendants PEGASYSTEMS, DAIGLE, and DOES ONE through THIRTY, and each of them, and for a cause of action alleges:

27.    PLAINTIFF hereby incorporates by reference Paragraphs 1 through 26, inclusive, as though set forth here in full.

28.    PEGASYSTEMS, DAIGLE, and DOES ONE through THIRTY are employers in the State of California, as defined in the California Fair Employment and Housing Act ("FEHA"). DAIGLE was PLAINTIFF's direct supervisor and manager during the relevant time.

29.    PEGASYSTEMS, DAIGLE, and DOES ONE through THIRTY sexually harassed PLAINTIFF and subjected him to a hostile work environment in violation of the California Fair Employment and Housing Act.  During his employment, PLAINTIFF was subjected to sexual harassment and a hostile work environment, including, but not limited to, unwelcome and unwanted touching and propositions for sexual favors. DAIGLE continued to sexually harass PLAINTIFF over numerous months up to and including early 2020. All of this conduct was unwelcomed and unwanted. Defendant PEGASYSTEMS was aware that their Senior Director of Client Success was engaging in sexually inappropriate behavior but failed to respond appropriately.

30.    DAIGLE also engaged in quid pro quo sexual harassment when in February 2020, DAIGLE informed PLAINTIFF that if PLAINTIFF agreed to do sexual favors for him in his hotel room, he could make the unfounded negative performance feedback about PLAINTIFF's job and the threatened PIP go away.

31.    PLAINTIFF filed a timely charge of sexual harassment with the California Department of Fair Employment and Housing. The Department issued PLAINTIFF a right-to-sue letter within one year of the filing of this complaint.  PLAINTIFF has exhausted his administrative remedies.

32.     PLAINTIFF has suffered damages legally caused by these Defendants' harassment as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

## SECOND CAUSE OF ACTION
### Sexual Harassment in Violation of Public Policy

As a second, separate and distinct cause of action, PLAINTIFF complains against Defendants PEGASYSTEMS, DAIGLE, and DOES ONE through THIRTY, and each of them, and for a cause of action alleges:

33.     PLAINTIFF hereby incorporates by reference Paragraphs 1 through 32 inclusive, as though set forth here in full.

34.     At all times herein mentioned, PLAINTIFF was a male and fully competent to perform the duties to which he was assigned.

35.     Defendants PEGASYSTEMS and DAIGLE sexually harassed PLAINTIFF in violation of public policy.

36.     Said harassment violated the public policy of the State of California as stated in the California Fair Employment and Housing Act.

37.     PLAINTIFF suffered damages legally caused by these Defendants' wrongful acts as stated in the section below entitled "DAMAGES," which is incorporated to the extent pertinent as if set forth here in full.

## THIRD CAUSE OF ACTION
### Retaliation in Violation of the
### California Fair Employment and Housing Act

As a third, separate and distinct cause of action, PLAINTIFF complains against Defendants PEGASYSTEMS and DOES ONE through THIRTY, and each of them, and for a cause of action alleges:

38.     PLAINTIFF hereby incorporates by reference Paragraphs 1 through 37, and, inclusive, as though set forth here in full.

39.     Defendants PEGASYSTEMS and DOES ONE through THIRTY are employers in

the State of California, as defined in the California Fair Employment and Housing Act ("FEHA").

40.    Defendants PEGASYSTEMS and DOES ONE through THIRTY retaliated against PLAINTIFF on the basis of his complaints about the treatment to which he was subjected to in violation of FEHA. PLAINTIFF's complaints included but were not limited to reporting the sexual harassment and retaliation he experienced to HR. For example, PLAINTIFF complained that DAIGLE had, among other things, touched his buttocks several times, harassed him and overtly asked for sexual favors, and put him on an unfounded and unwarranted performance counseling for not agreeing to do sexual favors. PEGASYSTEMS retaliated against PLAINTIFF following his protected activity, and said retaliation included but was not limited to: reneging on the prior commitment to support PLAINTIFF through his EMBA program, writing false and unfounded performance critiques, and engaging in coverup investigations. PLAINTIFF made a report specifically regarding the retaliation he was experiencing and he was terminated the day after the investigation was closed.

41.    PLAINTIFF filed a timely charge of retaliation with the California Department of Fair Employment and Housing. The Department issued PLAINTIFF a right-to-sue letter within one year of the filing of this complaint. PLAINTIFF has exhausted his administrative remedies.

42.    PLAINTIFF suffered damages legally caused by these Defendants' retaliation as described in the section below "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

## FOURTH CAUSE OF ACTION
### Discharge in Violation of Public Policy

As a fourth, separate and distinct cause of action, PLAINTIFF complains against Defendants PEGASYSTEMS and DOES ONE through THIRTY, and each of them, and for a cause of action alleges:

43.    PLAINTIFF hereby incorporates by reference Paragraphs 1 through 42 inclusive, as though set forth here in full.

44.    At all times herein mentioned, PLAINTIFF was a male who made protected complaints about the discriminatory and harassing conduct he experienced while employed with

Defendants. At all times herein mentioned, PLAINTIFF was also fully competent to perform the duties to which he was assigned.

45.    Defendants PEGASYSTEMS and DOES ONE through THIRTY retaliated against PLAINTIFF on the basis of protected complaints and discharged PLAINTIFF in violation of public policy.

46.    Said discharge and retaliation violated the public policy of the State of California as stated in the California Fair Employment and Housing Act.

47.    PLAINTIFF suffered damages legally caused by these Defendants' wrongful acts as stated in the section below entitled "DAMAGES," which is incorporated to the extent pertinent as if set forth here in full.

**FIFTH CAUSE OF ACTION**
**Failure to Take Reasonable Steps to Prevent**
**Harassment and/or Retaliation from Occurring in Violation of the**
**California Fair Employment and Housing Act, Gov't Code § 12940(k)**

As a fifth, separate and distinct cause of action, PLAINTIFF complains against Defendants PEGASYSTEMS and DOES ONE through THIRTY, and each of them, and for a cause of action alleges:

48.    PLAINTIFF hereby incorporates by reference Paragraphs 1 through 47 inclusive, as though set forth here in full.

49.    At all times mentioned herein, Defendants had an obligation to follow laws including California Government Code § 12940(k) requiring employers to investigate and prevent discrimination or harassment in their workplaces.

50.    During his employment, PLAINTIFF made numerous complaints to Defendants of unlawful conduct including harassment and/or retaliation. These complaints included but were not limited to: telling HR about the sexual harassment including hostile work environment and quid pro quo harassment he had endured as well as explaining that DAIGLE had touched his buttocks several times, overtly asked for sexual favors, and put PLAINTIFF on performance counseling for not agreeing to those sexual favors. HR took a full statement from PLAINTIFF in or about March 2020

and did nothing before asking for another statement months later. After a very short period of time, HR concluded that PLAINTIFF's complaints could not be substantiated. PLAINTIFF was transferred to work with another manager who still had a close relationship to DAIGLE, and gave him a performance review full of untruths and purposefully vague and subjective critiques. Defendants also backtracked on their commitment to support PLAINTIFF through his EMBA program. Following PLAINTIFF's protected complaints of retaliation, HR failed to respond appropriately and closed the investigation on March 3, 2021. PLAINTIFF was terminated the very next day on March 4, 2021.

51.    Any investigations that Defendants performed were insufficient and self-serving. Furthermore, Defendants failed to take the reasonable steps necessary to prevent harassment and/or retaliation from occurring with respect to PLAINTIFF, even after unlawful conduct was repeatedly brought to their attention.

52.    PLAINTIFF filed a timely charge of failure to prevent and correct discrimination, harassment, and/or retaliation with the California Department of Fair Employment and Housing. The Department issued PLAINTIFF a right-to-sue letter within one year of the filing of this complaint. PLAINTIFF has exhausted his administrative remedies.

53.    PLAINTIFF suffered damages legally caused by these Defendants' wrongful acts as stated in the section below entitled "DAMAGES," which is incorporated to the extent pertinent as if set forth here in full.

### SIXTH CAUSE OF ACTION
**Discrimination Based on Disability in Violation of the
California Fair Employment and Housing Act**

As a sixth, separate and distinct cause of action, PLAINTIFF complains against Defendants PEGASYSTEMS and DOES ONE through THIRTY, and each of them, and for a cause of action alleges:

54.    PLAINTIFF hereby incorporates by reference Paragraphs 1 through 53, inclusive, as though set forth here in full.

55.    Defendants PEGASYSTEMS and DOES ONE through THIRTY are employers in

the State of California, as defined in the California Fair Employment and Housing Act ("FEHA").

56.    Defendants PEGASYSTEMS and DOES ONE through THIRTY discriminated against PLAINTIFF on the basis of his disability including anxiety and depression and discharged PLAINTIFF because of his disability including anxiety and depression in violation of the California Fair Employment and Housing Act. PLAINTIFF was qualified to do his job as evidenced by the positive reviews he received; however, shortly after PEGASYSTEMS learned that PLAINTIFF was suffering from a disability that required reasonable accommodation, PLAINTIFF was terminated. Defendants engaged in a pattern and practice of discrimination.  The policies of defendants which were neutral on their face resulted in a disparate impact on the class of employees with a disability and/or employees who needed accommodation and PLAINTIFF was treated differently because of his disability and/or need for accommodation.

57.    PLAINTIFF filed a timely charge of disability discrimination and denial of reasonable accommodation with the California Department of Fair Employment and Housing. The Department issued PLAINTIFF a right-to-sue letter within one year of the filing of this complaint. PLAINTIFF has exhausted his administrative remedies.

58.    PLAINTIFF suffered damages legally caused by these Defendants' discrimination as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth her in full.

## SEVENTH CAUSE OF ACTION
### Discharge in Violation of Public Policy

As a seventh, separate and distinct cause of action, PLAINTIFF complains against Defendants PEGASYSTEMS and DOES ONE through THIRTY, and each of them, and for a cause of action alleges:

59.    PLAINTIFF hereby incorporates by reference Paragraphs 1 through 58, inclusive, as though set forth here in full.

60.    At the relevant times herein mentioned, PLAINTIFF was a disabled person fully competent to perform the duties to which he was assigned.

61.    Defendants PEGASYSTEMS and DOES ONE through THIRTY discriminated

against PLAINTIFF on the basis of his disability including anxiety and depression, and discharged PLAINTIFF because of his disability including anxiety and depression and/or because they did not want to accommodate PLAINTIFF's disability in violation of public policy.

62.    Said discharge and discrimination violated the public policy of the State of California as stated in the California Fair Employment and Housing Act.

63.    PLAINTIFF suffered damages legally caused by these Defendants' wrongful acts as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth her in full.

**EIGHTH CAUSE OF ACTION**
**Failure to Accommodate in Violation of the**
**California Fair Employment and Housing Act**

As an eighth, separate and distinct cause of action, PLAINTIFF complains against Defendants PEGASYSTEMS and DOES ONE through THIRTY, and each of them, and for a cause of action alleges:

64.    PLAINTIFF hereby incorporates by reference Paragraphs 1 through 63, inclusive, as though set forth here in full.

65.    During his employment, PLAINTIFF always competently performed the duties to which he was assigned.

66.    Defendants PEGASYSTEMS and DOES ONE through THIRTY denied PLAINTIFF accommodations for his disability including anxiety and depression, and discharged PLAINTIFF because they did not want to accommodate his disability including anxiety and depression in violation of the California Fair Employment and Housing Act.

67.    PLAINTIFF filed a timely charge of disability discrimination and denial of reasonable accommodation with the California Department of Fair Employment and Housing.  The Department issued PLAINTIFF a right-to-sue letter within one year of the filing of this complaint. PLAINTIFF has exhausted his administrative remedies.

68.    PLAINTIFF suffered damages legally caused by these Defendants' discrimination as stated in the section below entitled "DAMAGES," which is incorporated here to the extent

pertinent as if set forth here in full.

## NINTH CAUSE OF ACTION
### Failure to Engage in the Interactive Process in Violation of the
### California Fair Employment and Housing Act

As a ninth, separate and distinct cause of action, PLAINTIFF complains against Defendants PEGASYSTEMS and DOES ONE through THIRTY, and each of them, and for a cause of action alleges:

69. PLAINTIFF hereby incorporates by reference Paragraphs 1 through 68 as though set forth here in full.

70. During his employment, PLAINTIFF always competently performed the duties to which he was assigned.

71. Defendants PEGASYSTEMS and DOES ONE through THIRTY, failed to engage in the interactive process after learning PLAINTIFF suffered from a disability and required a reasonable accommodation in violation of the California Employment and Housing Act. PLAINTIFF informed his employer that he was suffering from disabling health conditions due to the unlawful conduct he experienced at work. PLAINTIFF submitted a doctor's note authorizing a finite leave of absence due to his health issues and hours later, he was terminated. Instead of reasonably accommodating PLAINTIFF, PEGASYSTEMS terminated him. Defendant did not ask PLAINTIFF questions regarding his condition, what sort of assistance he would need to return to work, what other available jobs PLAINTIFF would be able to perform, or otherwise engage in any sort of interactive process or attempt to provide accommodations.  Instead, PLAINTIFF was terminated.  Defendants engaged in a pattern and practice of failing to engage in the interactive process with disabled employees. The policies of defendants which were neutral on their face resulted in a disparate impact on the class of employees with a disability and PLAINTIFF was treated differently because of his disability.

72. PLAINTIFF filed a timely charge of disability discrimination and failure to engage in the interactive process with the California Department of Fair Employment and Housing. PLAINTIFF has exhausted his administrative remedies.

73.     PLAINTIFF has suffered damages legally caused by Defendants failure to engage in the interactive process as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

**TENTH CAUSE OF ACTION**
**Retaliation in Violation of the**
**California Fair Employment and Housing Act**

As a tenth, separate and distinct cause of action, PLAINTIFF complains against Defendants PEGASYSTEMS and DOES ONE through THIRTY, and each of them, and for a cause of action alleges:

74.     PLAINTIFF incorporates by reference Paragraphs 1 through 73, inclusive, as though set forth here in full.

75.     Defendants PEGASYSTEMS and DOES ONE through THIRTY are employers in the State of California, as defined in the California Fair Employment and Housing Act.

76.     Defendants PEGASYSTEMS and DOES ONE through THIRTY retaliated against PLAINTIFF on the basis of his requesting leave due to his disability including anxiety and depression, and discharged PLAINTIFF in retaliation for his request to take leave due to his disability including anxiety and depression, in violation of the California Fair Employment and Housing Act and/or California Family Rights Act.  Defendants engaged in a pattern and practice of retaliation.  The policies of defendants which were neutral on their face resulted in a disparate impact on the class of employees who took leaves due to a medical condition or disability and PLAINTIFF was treated differently because of his request for leave.

77.     PLAINTIFF filed a timely charge of retaliation with the California Department of Fair Employment and Housing.  The Department issued PLAINTIFF a right-to-sue letter within one year of the filing of this complaint.  PLAINTIFF has exhausted his administrative remedies.

78.     PLAINTIFF suffered damages legally caused by these Defendants' retaliation as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

///

**ELEVENTH CAUSE OF ACTION**
**Discharge in Violation of Public Policy**

As an eleventh, separate and distinct cause of action, PLAINTIFF complains against Defendants PEGASYSTEMS and DOES ONE through THIRTY, and each of them, and for a cause of action alleges:

79.     PLAINTIFF hereby incorporates by reference Paragraphs 1 through 78 inclusive, as though set forth here in full.

80.     At all times herein mentioned, PLAINTIFF was fully competent to perform the duties to which he was assigned.

81.     Defendants PEGASYSTEMS and DOES ONE through THIRTY retaliated against PLAINTIFF on the basis of his requesting a leave due to his disability including anxiety and depression, and discharged PLAINTIFF in retaliation for his requesting leave due to his disability including anxiety and depression in violation of public policy.

82.     Said discharge and retaliation violated the public policy of the State of California as stated in the California Fair Employment and Housing Act and/or California Family Rights Act.

83.     PLAINTIFF suffered damages legally caused by these Defendants' wrongful acts as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

**TWELFTH CAUSE OF ACTION**
**Whistleblower Retaliation**
**(Cal. Lab. Code, § 1102.5)**

As a twelfth, separate and distinct cause of action, PLAINTIFF complains against Defendants PEGASYSTEMS and DOES ONE through THIRTY, and each of them, and for a cause of action alleges:

84.      PLAINTIFF hereby incorporates by reference paragraphs 1 through 6, inclusive, as though set forth here in full.

85.     In or around October 2020, PLAINTIFF reported on Defendant's Hotline that he had learned a coworker was receiving kickbacks from a partner company.

86.    In response, PEGASYSTEMS' internal auditors met with PLAINTIFF on or about February 5, 2021. The auditors/investigators asked PLAINTIFF questions about the specific conduct about which he had complained on the Hotline, and also outright asked PLAINTIFF to confirm if he was the anonymous reporter of the kickback allegations to the Hotline in or about October 2020. PLAINTIFF admitted that he was.

87.    PLAINTIFF had reasonable cause to believe that his complaints disclosed violations of state and/or federal laws and regulations, including but not limited to California statutes against commercial bribery (see Cal. Pen. Code § 641.3) and fraud (see Cal. Civ. Code, §§ 1572, 1709).

88.    Defendants PEGASYSTEMS and DOES ONE through THIRTY retaliated against PLAINTIFF for disclosing and complaining about PEGASYSTEMS' unlawful commercial bribery and/or fraud.  The retaliation included but was not limited to: falsely criticizing PLAINTIFF's job performance; reneging on the company's commitment to support PLAINTIFF through his EMBA program; and ultimately terminating PLAINTIFF's employment on or about March 4, 2021.

89.    PLAINTIFF suffered damages legally caused by these Defendants' wrongful acts as stated in the section below entitled "DAMAGES," which is incorporated to the extent pertinent as if set forth here in full.

### THIRTEENTH CAUSE OF ACTION
### Discharge in Violation of Public Policy

As a thirteenth, separate and distinct cause of action, PLAINTIFF complains against Defendants PEGASYSTEMS and DOES ONE through THIRTY, and each of them, and for a cause of action alleges:

90.    PLAINTIFF hereby incorporates by reference paragraphs 1 through 6, and 84 through 89, as though set forth here in full.

91.    At all times, PLAINTIFF was a person fully competent to perform the duties to which he was assigned.

92.    Defendants PEGASYSTEMS and DOES ONE through THIRTY terminated PLAINTIFF's employment in retaliation for PLAINTIFF's reporting of Defendant's conduct to which PLAINTIFF had reasonable cause to believe violated state and/or federal laws and

regulations, including but not limited to California statutes against commercial bribery and fraud. This discharge violated the public policies of the State of California as stated in the California Labor Code section 1102.5.

93.    PLAINTIFF suffered damages legally caused by these Defendants' wrongful acts as stated in the section below entitled "DAMAGES," which is incorporated to the extent pertinent as if set forth here in full.

## DAMAGES

94.    As a legal result of the conduct by Defendants of which PLAINTIFF complains, PLAINTIFF suffered and continues to suffer substantial losses in earnings including salary, cash bonus, equity, retirement benefits, and health benefits. PLAINTIFF will seek leave to amend this complaint to state the amount or will proceed according to proof at trial.

95.    PLAINTIFF suffers emotional distress as a legal result of the conduct by Defendants of which PLAINTIFF complains, including mental distress, suffering and anguish as a legal result of Defendants' outrageous conduct, reacting to his discharge with humiliation, embarrassment, anger, disappointment and worry, all of which is substantial and enduring. PLAINTIFF will seek leave to amend this complaint to state the amount or will proceed according to proof at trial.

96.    At all material times, Defendants, and each of them, knew that PLAINTIFF depended on his wages and other employee benefits as a source of earned income. At all material times, Defendants were in a position of over PLAINTIFF, with potential to abuse that power. PLAINTIFF was in a vulnerable position of which Defendants were aware because of his relative lack of power, because of his reliance on Defendants' assurances and forbearance of the possibility of becoming employed elsewhere, because he had placed his trust in Defendants, because he depended on his employment for his self-esteem and sense of belonging, because he relied upon his employment as a source of income for his support, because a wrongful termination of PLAINTIFF's employment would likely harm PLAINTIFF's ability to find other employment, and because of the great disparity in bargaining power between PLAINTIFF and his employer.

97.    Notwithstanding such knowledge, Defendants, and each of them, acted oppressively,

fraudulently, and maliciously, in willful and conscious disregard of PLAINTIFF's rights, and with the intentions of causing or in reckless disregard of the probability of causing injury and emotional distress to the PLAINTIFF.

98.    Further, Defendants were informed of the oppressive, fraudulent and malicious conduct of their employees, agents and subordinates, and ratified, approved, and authorized that conduct.

99.    The foregoing conduct of Defendants, each of them, was intentional, willful, and malicious, and PLAINTIFF is entitled to punitive damages in an amount to conform to proof.

100.   PLAINTIFF is also entitled to attorneys' fees and costs pursuant to California Government Code § 12965(b) and/or California Labor Code § 1102.5(j) and/or California Code of Civil Procedure § 1021.5.

## **INJUNCTIVE RELIEF**

101.   PLAINTIFF has suffered irreparable injury and immediate harm due to Defendants' acts.   PLAINTIFF has no other legal remedy. In addition to the other relief requested in this Complaint, PLAINTIFF seeks injunctive relief to ensure that defendants do not sexually harass and/or discriminate against, and/or retaliate against other employees.

## **PRAYER**

Wherefore PLAINTIFF prays for judgment against DEFENDANTS, and each of them, as follows:

1.    For money judgment representing compensatory damages including lost salary, cash bonuses, equity, retirement benefits, and health benefits, together with interest on these amounts, according to proof;

2.    For a money judgment for mental pain and anguish and emotional distress, according to proof;

3.    For an award of punitive damages, according to proof;

4.    For costs of suit and attorney fees;

5.    For prejudgment and post judgment interest;

6.      For injunctive relief;

7.      For any other relief that just and proper;

8.      For attorney fees pursuant to California Government Code§ 12965(b) and/or California Labor Code § 1102.5(j) and/or California Code of Civil Procedure § 1021.5.


Dated:  July 11, 2022                          LAWLESS, LAWLESS & McGRATH

                                  By:   _____
                                        Barbara A. Lawless
                                        Emily S. McGrath
                                        Attorneys for PLAINTIFF


### JURY TRIAL DEMANDED

PLAINTIFF demands trial of all issues by jury.


Dated: July 11, 2022                           LAWLESS, LAWLESS & McGRATH

                                  by    _____
                                        Barbara A. Lawless
                                        Emily S. McGrath
                                        Attorneys for PLAINTIFF



**Superior Court of California, County of San Francisco**
**Alternative Dispute Resolution**
**Information Package**



The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action together with the cross-complaint. (CRC 3.221(c).)

**WHAT IS ADR?**
Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to trial.

**WHY CHOOSE ADR?**
It is the policy of the Superior Court that every long cause, non-criminal, non-juvenile case should participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial. (Local Rule 4.)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

**\*\*Electing to participate in an ADR process does not stop the time period to respond to a complaint or cross-complaint\*\***

**WHAT ARE THE ADR OPTIONS?**
The San Francisco Superior Court offers different types of ADR processes for general civil matters. The programs are described below:

**1) MANDATORY SETTLEMENT CONFERENCES**
Settlement conferences are appropriate in any case where settlement is an option. The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute. Mandatory settlement conferences are ordered by the court and are often held near the date a case is set for trial, although they may be held earlier if appropriate. A party may elect to apply to the Presiding Judge for a specially set mandatory settlement conference by filing an ex parte application. See Local Rule 5.0 for further instructions. Upon approval by the Presiding Judge, the court will schedule the conference and assign a settlement conference officer.

**2)  MEDIATION**

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO (BASF),** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending. Experienced professional mediators work with parties to arrive at a mutually agreeable solution. The mediators provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience  requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. BASF staff handles conflict checks and full case management. The success rate for the program is 67% and the satisfaction rate is 99%. BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the fee are available to those who qualify. For more information, call 415-982-1600 or email adr@sfbar.org.

**(B) JUDICIAL MEDIATION PROGRAM** provides mediation with a San Francisco  Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional  malpractice, insurance coverage,  toxic torts and industrial accidents. Parties may utilize this program at any time throughout the litigation process. Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program.  A preference for a specific judge may be indicated.  The court will coordinate assignment of cases for the program.  There is no charge. Information about the Judicial Mediation Program may be found by visiting the ADR page on the court's website: www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

**(C) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, parties may select any private mediator of their choice. The selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

**(D) COMMUNITY BOARDS MEDIATION SERVICES:** Mediation services are offered by Community Boards (CB), a nonprofit resolution center, under the Dispute Resolution Programs Act. CB utilizes a three-person panel mediation process in which mediators work as a team to assist the parties in reaching a shared solution. To the extent possible, mediators are selected to reflect the demographics of the disputants. CB has a success rate of 85% for parties reaching a resolution and a consumer satisfaction rate of 99%. The fee is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available. For more information, call 415-920-3820 or visit communityboards.org.

### 3) ARBITRATION

An arbitrator is a neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

#### (A) JUDICIAL ARBITRATION

When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication  that is earlier, faster, less formal, and usually less expensive than a trial. Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration.  (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule  4.1 allows  for mediation  in lieu of judicial arbitration,  so long  as the parties  file a stipulation  to mediate after being assigned to judicial arbitration. There is no cost to the parties for judicial arbitration.

#### (B) PRIVATE ARBITRATION

Although not currently a part of the court's ADR program, civil disputes may also be  resolved  through private   arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

### HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's or court-affiliated ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet and available on the court's website); or
- Indicating your ADR preferences on the Case Management Statement (available on the court's website); or
- Contacting the court's ADR Department (see below), the Bar Association of San Francisco's ADR Services, or Community Boards.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103-A, San Francisco, CA 94102
415-551-3869
Or, visit the court's ADR page at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE AND FILE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT.  YOU MUST ALSO CONTACT BASF OR COMMUNITY BOARDS TO ENROLL IN THEIR LISTED PROGRAMS.  THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF OR COMMUNITY BOARDS.

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name *and address*)

TELEPHONE NO.:

ATTORNEY FOR *(Name):*

FOR COURT USE ONLY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO**
400 McAllister Street
San Francisco, CA 94102-4514

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

**STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR)**

CASE NUMBER: _____

**DEPARTMENT 610**

1) **The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐ **Mediation Services of the Bar Association of San Francisco (BASF)** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐ **Mediation Services of Community Boards (CB)** – Service in conjunction with DRPA, CB provides case development and one three-hour mediation session. Additional sessions may be scheduled. The cost is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available to those who qualify. communityboards.org

☐ **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐ **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

☐ **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐ 30-90 days  ☐ 90-120 days  ☐ Other (please specify) _____

☐ **Other ADR process** (describe) _____

2) **The parties agree that the ADR Process shall be completed by (date):** _____
3) **Plaintiff(s) and Defendant(s) further agree as follows:**

_____
Name of Party Stipulating

_____
Name of Party or Attorney Executing Stipulation

_____
Signature of Party or Attorney

☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Dated: _____

_____
Name of Party Stipulating

_____
Name of Party or Attorney Executing Stipulation

_____
Signature of Party or Attorney

☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Dated: _____

☐ *Additional signature(s) attached*

ADR-2  10/18

**STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>BARBARA A. LAWLESS (Bar #53195); EMILY S. McGRATH (Bar #289624)<br>LAWLESS, LAWLESS & McGRATH, 354 Pine St., 4th Fl., San Francisco CA 94104<br><br>TELEPHONE NO.: (415) 391-7555    FAX NO. *(Optional):* (415) 391-4228<br>E-MAIL ADDRESS: blawless@lawlesssf.com; emcgrath@lawlesssf.com<br>ATTORNEY FOR *(Name):* JOHN DOE | *FOR COURT USE ONLY*<br><br>**ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br><br>**07/11/2022**<br>**Clerk of the Court**<br>BY: JEFFREY FLORES<br>Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN FRANCISCO**
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
JOHN DOE v. PEGASYSTEMS INC., CHAD DAIGLE and DOES ONE through THIRTY, inclusive

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER:<br>**CGC-22-600651** |
|---|---|---|
| [x] **Unlimited**<br>(Amount demanded exceeds $25,000)   [ ] **Limited**<br>(Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* 13
5. This case [ ] is [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 11, 2022

Emily S. McGrath
_____
(TYPE OR PRINT NAME)          ► [signature]          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev.September 1, 2021]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:**     **DEC 14, 2022**

**TIME:**     **10:30 am**

**PLACE:**     **Department 610**
                 **400 McAllister Street**
                 **San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

---

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed and served twenty-five days before the case management conference.

---

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.  **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

### ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

---

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION,  AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

**(SEE LOCAL RULE 4)**

---

Plaintiff  **must**  serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint.  (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400  McAllister Street, Room 103-A**
**San Francisco, CA  94102**
**(415) 551-3869**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

Exhibit B

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Barbara A. Lawless (Bar # 53195); Emily S. McGrath (Bar #289624)<br>LAWLESS, LAWLESS & McGRATH<br>354 Pine Street, Fourth Floor<br>San Francisco, CA 94104<br><br>    TELEPHONE NO.: (415) 391-7555        FAX NO. *(Optional)*: (415) 391-4228<br>E-MAIL ADDRESS *(Optional)*: blawless@lawlesssf.com; emcgrath@lawlesssf.com<br>ATTORNEY FOR *(Name)*: Plaintiff JOHN DOE | **ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br>**10/03/2022**<br>**Clerk of the Court**<br>BY: RONNIE OTERO<br>Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN FRANCISCO | |
|---|---|
| STREET ADDRESS: 400 McAllister Street | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: San Francisco, CA 94102 | |
| BRANCH NAME: Civic Center Courthouse | |

| PLAINTIFF/PETITIONER: JOHN DOE<br>DEFENDANT/RESPONDENT: PEGASYSTEMS INC., CHAD DAIGLE, ET AL. | CASE NUMBER:<br>CGC-22-600651 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of:

    a. [x] summons

    b. [x] complaint

    c. [x] Alternative Dispute Resolution (ADR) package

    d. [x] Civil Case Cover Sheet *(served in complex cases only)*

    e. [ ] cross-complaint

    f. [x] other *(specify documents)*: Notice to Plaintiff

3.  a.  Party served *(specify name of party as shown on documents served)*:
        Chad Daigle

    b. [x] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
        Evelyn Wiggins, Littler

4.  Address where the party was served:
    Served via email to Evelyn Wiggins at ewiggins@littler.com

5.  I served the party *(check proper box)*

    a. [ ]  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party   (1) on *(date)*:                    (2) at *(time)*:

    b. [ ]  **by substituted service.** On *(date)*:                at *(time)*:            I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

        (1) [ ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

        (2) [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

        (3) [ ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

        (4) [ ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:            from *(city)*:                **or** [ ]  a declaration of mailing is attached.

        (5) [ ]  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

**Page 1 of 2**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010  [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |

**POS-010**

| | |
|---|---|
| PLAINTIFF/PETITIONER:  JOHN DOE<br>DEFENDANT/RESPONDENT:  PEGASYSTEMS INC., CHAD DAIGLE, ET AL. | CASE NUMBER:<br>CGC-22-600651 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1)  on *(date):*                                    (2)  from *(city):*

(3)  ☐  with two copies of the *Notice and Acknowledgement of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*) (Code Civ. Proc., § 415.30.)*

(4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d.  ☒  **by other means** *(specify means of service and authorizing code section):*
Served via email based on an agreement of the parties to accept service by e-mail or electronic transmission pursuant to CCP Section 1010.6 2(A)(ii)

☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

a.  ☐  as an individual defendant.

b.  ☐  as the person sued under the fictitious name of  *(specify):*

c.  ☐  as occupant.

d.  ☒  On behalf of *(specify):* Defendants Pegasystems Inc. and Chad Daigle

under the following Code of Civil Procedure section:

☐  416.10 (corporation)                         ☐  415.95 (business organization, form unknown)
☐  416.20 (defunct corporation)                 ☐  416.60 (minor)
☐  416.30 (joint stock company/association)     ☐  416.70 (ward or conservatee)
☐  416.40 (association or partnership)          ☒  416.90 (authorized person)
☐  416.50 (public entity)                       ☐  415.46 (occupant)
                                                ☐  other:

7.  **Person who served papers**

a.  Name:  Donna Wallace of Lawless, Lawless & McGrath

b.  Address:  354 Pine Street, Fourth Floor, San Francisco, CA 94104

c.  Telephone number: (415) 391-7555

d.  **The fee** for service was: $ 0.00

e.  I am:

(1)  ☒  not a registered California process server.

(2)  ☐  exempt from registration under Business and Professions Code section 22350(b).

(3)  ☐  a registered California process server:

(i)  ☐  owner     ☐  employee     ☐  independent contractor.

(ii)  Registration No.:

(iii)  County:

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**or**

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: October 3, 2022

Donna Wallace
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶  _____
(SIGNATURE)

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: | FOR COURT USE ONLY |
|---|---|
| NAME: Barbara A. Lawless (Bar # 53195); Emily S. McGrath (Bar # 289624)<br>FIRM NAME: LAWLESS, LAWLESS & McGRATH<br>STREET ADDRESS: 354 Pine Street, Fourth Floor<br>CITY: San Francisco STATE: CA ZIP CODE: 94104<br>TELEPHONE NO.: (415) 391-7555 FAX NO.: (415) 391-4228<br>E-MAIL ADDRESS: blawless@lawlesssf.com; emcgrath@lawlesssf.com<br>ATTORNEY FOR (Name): John Doe | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

Plaintiff/Petitioner: JOHN DOE
Defendant/Respondent: PEGASYSTEMS INC., CHAD DAIGLE, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CGC-22-600651 |
|---|---|

TO *(insert name of party being served):* Evelyn Wiggins (on behalf of Pegasystems Inc. and Chad Daigle)

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: August 19, 2022

Donna Wallace
(TYPE OR PRINT NAME)

▶ *(signature)*
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [ x ] A copy of the summons and of the complaint.
2. [ x ] Other *(specify):*

Notice to Plaintiff, ADR Packet, Blank CMC Statement

*(To be completed by recipient):*

Date this form is signed: 10/3/2022

Heather Lanyi (Littler) on behalf of Defendants
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ *Heather Lanyi*
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

# EXHIBIT C

Joshua J. Cliffe, Bar No. 215390
jcliffe@littler.com
Heather Lanyi, Bar No. 341790
hlanyi@littler.com
LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, California  94104
Telephone:    415.433.1940
Fax No.:      415.399.8490

Attorneys for Defendant
PEGASYSTEMS INC. AND CHAD DAIGLE

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

UNLIMITED JURISDICTION

| | |
|---|---|
| JOHN DOE,<br><br>                Plaintiff,<br><br>    v.<br><br>PEGASYSTEMS INC.; CHAD DAIGLE; and<br>DOES ONE through THIRTY, inclusive,<br><br>                Defendants. | Case No.  CGC-22-600651<br><br>**DEFENDANTS PEGASYSTEMS INC.<br>AND CHAD DAIGLE'S ANSWER TO<br>PLAINTIFF'S COMPLAINT**<br><br>Trial Date: None set<br>Complaint Filed:   July 11, 2022 |

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

4863-5233-4392.2 / 087072-1043

1         Defendants PEGASYSTEMS INC. AND CHAD DAIGLE ("Defendants") submit this

2  Answer to Plaintiff JOHN DOE's Complaint ("Complaint") filed in the above-captioned action as

3  follows:

4  **GENERAL DENIAL**

5         Pursuant to California Code of Civil Procedure section 431.30(d), Defendants deny,

6  generally and specifically, each and every allegation contained in the Complaint, and further deny that

7  Plaintiff has been damaged in the amount or amounts alleged therein, or in any other amount, or at all,

8  by reason of any act or omission on the part of Defendants.  Defendants further deny, generally and

9  specifically, that Plaintiff is entitled to any relief whatsoever.

10  **AFFIRMATIVE DEFENSES**

11         Defendants further assert the following affirmative defenses. By asserting these

12  defenses, Defendants do not concede that they have the burden of production or proof as to any

13  affirmative defense asserted below.  Defendants expressly reserve the right to raise arguments

14  concerning the proper allocation of the burden of proof as to all claims and defenses.  Moreover,

15  Defendants do not presently know all the facts concerning the conduct of Plaintiff sufficient to state

16  all affirmative defenses at this time.  Defendants reserve the right to amend this Answer should it later

17  discover facts demonstrating the existence of new and/or additional affirmative defenses, and/or

18  should a change a law in the law support the inclusion of new and/or additional affirmative defenses.

19  **FIRST AFFIRMATIVE DEFENSE**
(Lack of Subject Matter Jurisdiction)

20

21      1.    The Court lacks subject matter jurisdiction over the claims asserted in the Complaint.

22  **SECOND AFFIRMATIVE DEFENSE**
(Lack of Personal Jurisdiction)

23

24      2.    The Court lacks personal jurisdiction over Defendants and the filing of this Answer is

25  by special appearance only and should not be construed as consent to service or an acknowledgment

26  of personal jurisdiction.

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

4863-5233-4392.2 / 087072-1043

2

**THIRD AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

3.      As a separate and distinct affirmative defense, Plaintiff's claims are barred, in whole or in part, because the Complaint, and each and every alleged cause of action therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

**FOURTH AFFIRMATIVE DEFENSE**

(Claims Exceed Scope of Administrative Charges)

4.      As a separate and distinct affirmative defense, Defendants allege that Plaintiff's first through eleventh causes of action are barred, in whole or in part, because, assuming arguendo, Plaintiff attempted to exhaust his administrative remedies with the California Department of Fair Employment and Housing ("DFEH") and/or Equal Employment Opportunity Commission ("EEOC"), the causes of action asserted in the Complaint exceed the scope of any administrative charge(s) he filed with the DFEH and/or EEOC.

**FIFTH AFFIRMATIVE DEFENSE**

(Avoidable Consequences)

5.      As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action therein are barred by the doctrine of avoidable consequences. Plaintiff unreasonably failed to use the preventative and corrective opportunities provided to him by Defendants, and reasonable use of Defendants' procedures would have prevented at least some, if not all, of the harm that Plaintiff allegedly suffered.

**SIXTH AFFIRMATIVE DEFENSE**

(Workers' Compensation Act Preemption and Exclusivity)

6.      As a separate and distinct affirmative defense, Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the Complaint, and each cause of action alleged therein, seeking damages for emotional and/or physical injury are preempted and barred by the exclusive remedy provisions of the California Workers' Compensation Act, California Labor Code §§ 132a and 3600 et seq., in that: (1) the injuries complained of allegedly occurred when Plaintiff and his employer were subject to California

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

4863-5233-4392.2 7 087072-1043

3

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

1   Labor Code §§ 3600 to 3601; (2) at the time of the alleged injuries, Plaintiff was performing services

2   incidental to his employment and was acting within the course and scope of his employment; (3)

3   Plaintiff alleges that the injuries were caused by his employment; (4) Plaintiff's employment was

4   covered by workers' compensation; and (5) Plaintiff's employer paid the entire costs for that

5   coverage. Accordingly, this Court and judicial officer lack subject matter jurisdiction over said

6   claims.

7                          **SEVENTH AFFIRMATIVE DEFENSE**

8                 (No Cognizable Damage or Harm/No Violation of Public Policy)

9           7.      As a separate and distinct affirmative defense, Defendants allege, without admitting it

10  engaged in any of the acts or omissions alleged in Plaintiff's Complaint, that the wrongful

11  termination in violation of public policy claims are barred, in whole or in part, because Plaintiff's

12  employment was not terminated in violation of any fundamental, well-established public policy

13  embodied in law or statute.

14                         **EIGHTH AFFIRMATIVE DEFENSE**

15                              (After-Acquired Evidence)

16          8.      The Complaint, and each and every cause of action alleged therein, is barred, or any

17  damages reduced, by after-acquired evidence.

18                          **NINTH AFFIRMATIVE DEFENSE**

19                               (No Punitive Damages)

20          9.      As a separate and distinct affirmative defense, Defendants allege that no officer,

21  director or managing agent of Defendants acted with any malice, fraud, or oppression with respect to

22  Plaintiff and no officer, director managing agent of Defendants authorized or ratified the alleged acts

23  of misconduct as required for the imposition of punitive damages under California Civil Code

24  section 3294(b).

25                          **TENTH AFFIRMATIVE DEFENSE**

26                             (Adequate Remedy at Law)

27          10.     As a separate and distinct affirmative defense, Defendants allege that to the extent

28  Plaintiff seeks injunctive and other equitable relief, such claims are barred because Plaintiff has an

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

4863-5233-4392.2 / 087072-1043

adequate remedy at law. Specifically, Plaintiff can seek, and has sought in the Complaint, general and special damages, and attorney's fees and costs.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Legitimate Business Reasons for Decisions)

11.     As a separate and distinct affirmative defense, Defendant alleges that any alleged adverse employment actions were undertaken reasonably, in good faith, and with good cause by reason of business necessity and/or for lawful non-discriminatory and non-retaliatory reasons.

### **PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for relief as follows:

1.     That Plaintiff takes nothing by way of the Complaint;

2.     That Plaintiff's Complaint be dismissed in its entirety with prejudice;

3.     That judgment be entered against Plaintiff and in favor of Defendants on all of Plaintiff's causes of action;

4.     That Defendants be awarded its costs of suit and attorneys' fees incurred in this action, as provided by law and/or contract; and

5.     For such other and further relief as the Court deems fair and just.

Dated: October 14, 2022

LITTLER MENDELSON, P.C.

Joshua J. Cliffe
Heather Lanyi

Attorneys for Defendants
PEGASYSTEMS INC. AND CHAD DAIGLE

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

4863-5233-4392.2 / 087072-1043